UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO HERNANDEZ CRUZ,<br><br>          Plaintiff,<br><br>     v.<br><br>KRISTI NOEM et al.,<br><br>          Defendants. | Case No. 8:26-cv-00063<br><br>ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 1] |

     Petitioner, a Mexican national, has been living in the United States since 2003 without lawful status. On October 17, 2025, he was apprehended by Immigrations and Customs Enforcement (ICE) and placed in removal proceedings. He has been detained at the Adelanto ICE Processing Center since then. On November 14, 2025, he filed a habeas corpus petition and an ex parte application for a temporary restraining order (TRO) challenging his detention without bond, which this Court denied based on the record presented. *See Cruz v. Noem*, Case. No. 8:25-cv-02566-SB-MAA (C.D. Cal. Nov. 14, 2025).

     After Petitioner filed his first petition, another court in this district certified a class of foreign-national petitioners seeking bond hearings under 8 U.S.C. § 1226(a), granted summary judgment in the petitioners' favor, and entered a final judgment. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Specifically, the class comprises:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

1

*Id.* at *32.

Petitioner has now filed a renewed habeas corpus petition and ex parte application for a TRO, contending that he is a member of the *Bautista* class, and that his continued detention without a bond hearing violates federal law and due process. *See* Dkt. No. 3 ¶¶ 20–21, 57–66. The application seeks an order: (1) "enjoining [the government] from continuing to detain him unless [he] is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days"; (2) barring the government from relocating him outside this district while this case is pending; and (3) issuing an order to show cause as to why a preliminary injunction should not issue. Dkt. No. 1-1 at 7, 28. Petitioner represents that he notified the government that he was filing this application. *Id.* at 2.

To obtain preliminary relief, a movant must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same). Where the respondent is the government, the balance of equities and public interest merge. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Because the government has not filed an opposition to the ex parte application, the Court grants it as unopposed and finds that Petitioner is a member of the *Bautista* class entitled to a bond hearing. The Court therefore orders as follows:

1. The government shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of this order, in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, including 8 C.F.R. §§ 236.1(d)(1), 1003.19.

2. The government shall not relocate Petitioner outside of the Central District of California while his habeas petition is pending.

3. Petitioner's request for an order to show cause why a preliminary injunction should not issue is denied as moot.

4. By 10:00 a.m. on January 21, 2026, Petitioner shall file a request for dismissal or show cause why dismissal should not be ordered in light of

the relief given.  Failure to timely respond will be construed as consent to dismiss the petition and close the case.

Date: January 15, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge